UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| ERNEST JACKSON, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | CV419-109 |
| | ) | CR417-095 |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* movant Ernest Jackson pleaded guilty to one count of conspiracy to pass counterfeited obligations and, as relevant here, one count of possession of a firearm by a convicted felon as an armed career criminal, in violation of 18 U.S.C. §§ 922(g), 924(e). *See* doc. 86 at 1.[1] He was sentenced to 180 months of imprisonment, three- and five-year terms of supervised release, to be served concurrently, a $200 assessment, and $100 in restitution. *See id.* at 2-6. He now moves to vacate, set aside, or correct that judgment, pursuant to 28 U.S.C. § 2255. *See generally* doc. 121. The Government contends that Jackson "has failed to demonstrate

---

[1] The Court is citing to the criminal docket in CR417-095 unless otherwise noted.

that he is entitled to any relief from this Court, and his § 2255 motion should be denied without an evidentiary hearing." Doc. 130 at 8. Jackson has replied. Doc. 131. His motion is, therefore, ripe for disposition.

Jackson asserts a single ground for relief, that he "is no longer a[n] Armed Career Criminal." *See* doc. 121 at 4. Specifically, he contends that his Georgia convictions for aggravated assault no longer qualify as predicate offenses under the Armed Career Criminal Act (ACCA).[2] *Id.* The Government responds that the issue is procedurally defaulted, as

---

[2] Although the mechanics of Jackson's ACCA sentence are not directly relevant to the disposition of his motion, some background is merited. As the Eleventh Circuit has explained, "[t]he ACCA mandates a 15-year minimum sentence for a defendant who commits an offense in violation of 18 U.S.C. § 922(g) and has three prior convictions for a violent felony or serious drug offense." *United States v. Moss*, 920 F.3d 752, 755 (11th Cir. 2019) (citing 18 U.S.C. § 924(e)(1)). The statute defines "violent crime," in several ways. *See* 18 U.S.C. § 924(e)(2)(B). This case, like *Moss*, involves application of the so-called "elements clause." *See Moss*, 920 F.3d at 755 (citing 18 U.S.C. § 924(e)(2)(B)(i)). "Violent felonies," under the elements clause, include any that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). In determining whether a conviction for a particular offense qualifies under the elements clause, courts apply a "categorical approach." *Moss*, 920 F.3d at 756 (citing *United States v. Davis*, 875 F.3d 592, 597 (11th Cir. 2017)). The results of the categorical approach's analysis determine whether convictions under particular statutes qualify as "violent felonies" under the elements clause. *Id.* ("In applying the categorical approach, we look only at the statutory definition of the prior offense and not the facts underlying the conviction."). Recently, the Supreme Court held that, under the categorical approach, offenses criminalizing reckless conduct do not qualify as violent felonies under the elements clause. *See Borden v. United States*, ___ U.S. ___, 141 S. Ct. 1817, 1825 (2021). As discussed below, *Moss* anticipated *Borden* and held that a conviction under Georgia's aggravated assault statute, which permits conviction for reckless conduct, does not qualify as a "crime of violence" under the elements clause. *See Moss*, 920 F.3d at 759.

2

Jackson failed to raise the issue on direct appeal, and he has not shown the necessary cause and prejudice to excuse the default. Doc. 130 at 6. Jackson replies that his court-appointed counsel provided ineffective assistance at both his sentencing and on direct appeal. *See* doc. 131 at 2.

Despite stating in his motion that he did not appeal his conviction, doc. 121 at 1, the docket and the parties' subsequent briefing clearly shows that he did. *See, e.g.,* doc. 90 (Notice of Appeal), doc. 107 (Appeal Opinion). The Court of Appeals' opinion indicates that Jackson's appointed counsel moved to withdraw and "filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967)." Doc. 107 at 2. The Court of Appeals concluded, based on an "independent examination of the entire record," that the appeal presented "no arguable issues of merit." *Id.*

A prisoner seeking collateral relief "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Generally, where a movant seeks collateral relief based on trial errors to which no contemporaneous objection was made, *id.* at 167–68, or direct appeal pursued, "it will be procedurally barred in a § 2255 challenge." *United States v. Montano*, 398 F.3d 1276, 1279–80 (11th Cir. 2005) (citing *Mills v. United States*, 36 F.3d 1052,

1055 (11th Cir. 1994)). "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." *Mills*, 36 F.3d at 1055. In other words, a movant may not use his collateral attack as a "surrogate for a direct appeal." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). A procedural default may be overcome if the movant can show "cause excusing his failure to raise the issue previously and prejudice from the alleged error." *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000) (citations omitted). The movant bears the burden of proof, including showing cause and prejudice to excuse a procedural default. *See Hill v. United* States, 569 F. App'x 646, 647 (11th Cir. 2014) (citing *Sullivan v. Wainwright*, 695 F.2d 1306, 1310 (11th Cir. 1983)). Ineffective assistance of counsel (IAC) "may satisfy the cause exception to the procedural bar," though such a claim "must have merit" to qualify. *Nyhuis*, 211 F.3d at 1344 (citations omitted).

The Government relies on the Court of Appeals' opinion in *United States v. Moss*[3] to support its contention that Jackson's asserted ground

---

[3] The procedural history of *Moss* is sufficiently complicated that a brief recitation is warranted; particularly as both parties contend that it supports their respective positions. The original opinion in *Moss* concluded that the appellant's prior Georgia conviction for aggravated assault "does not qualify as a 'crime of violence' under the

4

for relief is procedurally defaulted. *See* doc. 130 at 6. It notes that, in *Moss*, the court "reasoned that aggravated assault based on O.C.G.A. § 16-5-20(a)(2) cannot qualify as a crime of violence . . . ." *Id*. *Moss*, therefore, indicates that a basis for Jackson's argument that his Georgia aggravated assault convictions were not properly relied upon to enhance his sentence, under 18 U.S.C. § 924(e), existed no later than 2019. *See* doc. 130 at 6. Jackson, too, relies on *Moss*, arguing that the court's opinion positively shows that he is entitled to relief. *See* doc. 131 at 2.

Despite Jackson's contention that *Moss* "applies to Petitioner [sic] as well . . . ," doc. 131 at 3, he is clearly mistaken. First, *Moss* involved a direct appeal. *See Moss*, 920 F.3d at 754. The Government's contention, which Jackson does not substantively address,[4] is that the authority relied upon in *Moss* to reach the conclusion that Georgia aggravated assault convictions do not qualify for ACCA enhancement purposes, was

---

elements clause of the ACCA." *Moss*, 920 F.3d at 759. That opinion was vacated when the Court of Appeals granted rehearing *en banc*. *United States v. Moss*, 928 F.3d 1340 (Mem.) (11th Cir. 2019). The order vacating the panel's opinion was itself vacated, and the panel's opinion reinstated, because the issues were "resolved by the Supreme Court's opinion in *Borden v. United States* . . . ." *United States v. Moss*, 4 F.4th 1292 (Mem.) (11th Cir. 2021).

[4] Jackson's misunderstanding is not entirely incomprehensible. The Government's presentation of its argument is extremely terse. *See* doc. 130 at 6.

5

available at the time of his direct appeal. *See* doc. 130 at 6. Thus, Jackson could have relied upon that same authority to assert his claim on direct appeal. The similarity between the claim at issue in *Moss* and Jackson's claim is, therefore, an obstacle Jackson must overcome, not an indication that he is entitled to relief. The Government is correct.

Cause for a procedural default "ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim [on appeal]." *Murray v. Carrier*, 477 U.S. 478, 492 (1986). "The novelty of a claim may constitute cause for excusing the procedural default, but only when the claim is truly novel, meaning that 'its legal basis [was] not reasonably available to counsel.'" *United States v. Bane*, 948 F.3d 1290, 1296–97 (11th Cir. 2020) (citing *Reed v. Ross*, 468 U.S. 1, 16 (1984)). All of the authority relied upon by the Court of Appeals in *Moss* was indisputably available at the time of Jackson's direct appeal. *See Moss*, 920 F.3d at 756-57 ("[*Palomino Garcia*] compels the conclusion that the ACCA's elements clause . . . requires the intentional use of force"), 758 (concluding "a Georgia aggravated assault conviction cannot qualify as a violent felony under the elements clause of the ACCA when based on simple assault," citing, *inter alia.*, *United States v. Palomino*

6

*Garcia*, 606 F.3d 1317, 1334-36 (11th Cir. 2010); *Patterson v. State*, 789 S.E.2d 175, 176-78 (Ga. 2016)); *see also Carmichael v. United States*, 2022 WL 908943, at *2 (11th Cir. Mar. 29, 2022). The existence of the precedents upon which *Moss* relied, and which it described as "compel[ling] the conclusion" that a Georgia aggravated assault conviction is not a "violent felony," show that the claim Jackson raises now was not novel at the time of his default. *Cf.* Brian R. Means, Federal Habeas Manual § 9B:60 (2021) ("The presence of published decisions discussing the issue, and same or similar claims being raised by defense counsel in other cases, demonstrate that a claim was not novel at the time of the default.").

As noted above, ineffective assistance of counsel may also provide the "cause" necessary to excuse a procedural default. *See Nyhuis*, 211 F.3d at 1344 (citations omitted). However, in order to constitute "cause," IAC claims must have merit. *Id.* "To prevail on a claim of ineffective assistance of counsel, a prisoner must prove that his counsel rendered deficient performance and that he was prejudiced by the deficient performance." *Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

"[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland,* 466 U.S. at 690. "For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence." *Putman v. Head*, 268 F.3d 1223, 1243 (11th Cir. 2001). As this court has put it bluntly, "[a] typical IAC claim succeeds only where counsel has, metaphorically speaking, shot at the side of a barn yet missed." *See Lovett v. United States*, 2018 WL 4494201, at *4 n. 3 (S.D. Ga. Apr. 23, 2018) (citing *Sullivan v. Sec'y, Fla. Dept. of Corr.*, 837 F.3d 1195, 1205-06 (11th Cir. 2016)). "Conclusory allegations of ineffective assistance are insufficient." *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) (internal quotation marks and citations omitted); *see also, e.g., Williams v. United States*, 457 F. Supp. 3d 1240, 1250 (M.D. Fla. 2020) (rejecting ineffective assistance claim as "too vague and conclusory to warrant relief.").

To the extent that Jackson asserts that his counsel was ineffective as a basis to excuse his procedural default, his contention is entirely conclusory. He does not even suggest an IAC claim in his original motion.

*See generally* doc. 121. In response to the form's prompt to explain his failure to raise the asserted ground on appeal, he states only "[a]t the time of [his] sentencing there were [sic] no case law that supported his claim." *Id.* at 5. The closest he comes to an IAC claim is his assertion, in his reply brief, that "[t]he government clearly clarifies those facts that show Petitioner's counsel proved to be ineffective by offering ineffective counsel to Petitioner during his sentencing hearing and during his Direct Appeal process." Doc. 131 at 2. Even liberally construed to assert that his appointed counsel was ineffective for missing the argument subsequently recognized in *Moss*, that is not sufficient to assert counsel's performance was "outside the wide range of professional competence." *Putman*, 268 F.3d at 1243. *Cf. Burt v. Titlow*, 571 U.S. 12, 24 (2013) ("[T]he Sixth Amendment does not guarantee the right to perfect counsel; it promises only the right to effective assistance . . . ."); *Atkins v. Singletary*, 965 F.2d 952, 961 (11th Cir. 1992) ("A lawyer can almost always do something more in every case. But the Constitution requires a good deal less than maximum performance."). Jackson has not, therefore, sufficiently pleaded an IAC claim to establish cause to excuse his procedural default.

9

In summary, Jackson's motion does not establish his right to relief under § 2255. As the Government correctly points out, he failed to raise the sole ground asserted on appeal. *See* doc. 130 at 6. His claim for relief is, therefore, procedurally defaulted, and barred from review in § 2255 proceedings unless the movant shows *both* cause and prejudice. *See id.* at 6-7 (citing *Mills*, 36 F.3d at 1052). Even liberally construed, Jackson's motion fails to assert sufficient cause for his failure to raise his claim on direct appeal. Accordingly, his § 2255 motion should be **DENIED**. Doc. 121. *See, e.g., Florez v. United States*, 2014 WL 297675, at *4 (S.D. Ga. Jan. 27, 2014).

## CONCLUSION

For these reasons, it is **RECOMMENDED** that Jackson's § 2255 motion be **DENIED**, doc. 121, and that civil action CV419-109 be **DISMISSED** in its entirety. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court *must* issue or

deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 4th day of May, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA